UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| SYLVIA RENFROE,<br><br>    Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC.,<br><br>    Defendant. | Case No.: **1:22-cv-134** |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, SYLVIA RENFROE (hereinafter "Plaintiff" or "Renfroe") and files her Complaint against Defendant, DOLLAR TREE STORES, INC., (hereinafter "Defendant" or "Dollar Tree") and in support states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, and retaliation against Plaintiff because of her race by association, and sex, leading to her unlawful constructive discharge.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial

1

part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

4. Plaintiff, Renfroe, is a citizen of the United States, and was at all times relevant, a citizen of the State of North Carolina.

5. Defendant, Optum, is a For Profit Corporation with its principal place of business in Chesapeake, Virginia.

6. Plaintiff worked for Defendant at its 800 Greenville Highway, Suite 30 Hendersonville, North Carolina location.

7. Defendant is an employer as defined by the laws under which this action is brought.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On January 31, 2020, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") against Dollar Tree, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on race discrimination by association, sex, and retaliation.

10. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

11. On May 4, 2022, the EEOC issued to Plaintiff a Notice of Right to Sue.

12. This complaint was filed within ninety days Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13. Plaintiff is a Caucasian female.

14. Plaintiff was hired by Defendant on or about October 4, 2015 as an Operations Manager.

2

15. Plaintiff was subjected to consistent and pervasive discriminatory comments and egregious sexual harassment by Collette Henderson, a coworker, from approximately January 2019 through October 2019.

16. Plaintiff has biracial children.

17. Ms. Henderson would frequently make comments about Plaintiff's children such as "They do not act like they are Black," and that Plaintiff's children "don't seem to have Black heritage."

18. Ms. Henderson would also refer to Plaintiff as "nigger lover" because of her biracial children.

19. Ms. Henderson also consistently made inappropriate sexual comments and subject Plaintiff to pervasive sexual harassment.

20. On several occasions, Ms. Henderson would ask Plaintiff if she "turned [Plaintiff] on," and asked if Plaintiff wanted to make out with her.

21. Ms. Henderson would also frequently rub her breasts in front of Plaintiff and make other vulgar sexual comments.

22. Plaintiff regularly complained to Beth Johnson, Manager for Defendant, about Ms. Henderson's discriminatory comments and sexual harassment, but no remedial action was taken.

23. On or about October 9, 2019, Plaintiff filed a written complaint with Defendant's Human Resources Department complaining of Ms. Henderson's discriminatory comments and sexual harassment, however no remedial action was taken.

24. Shortly thereafter, Ms. Johnson subjected Plaintiff to adverse treatment and increased, unwarranted scrutiny of Plaintiff's job performance that would likely discourage a reasonable person from opposing discrimination.

25. Because of Defendant's failure to address the ongoing discrimination and

harassment, coupled with Defendant's adverse treatment in retaliation for opposing the ongoing discrimination and harassment, Plaintiff was constructively discharged.

26. Plaintiff has been damaged by Defendant's illegal conduct.

27. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I: Race by Association Discrimination in Violation of Title VII**

28. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

29. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of Title VII.

30. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her association with individuals in a protected class.

31. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her association with individuals in a protected class with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

32. Defendant violated Title VII by unlawfully constructively discharging and discriminating against Plaintiff based on her association with individuals in a protected class.

33. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities as a result of Defendant's unlawful employment practices.

34. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

35. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count II: Sexual Harassment in Violation of Title VII

36. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27, above.

37. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female.

38. Defendant's sexually harassing actions and comments were so frequent and severe that it created a hostile work environment.

39. The hostile work environment was objectively and subjectively offensive.

40. Defendant's sexually harassing actions and comments were based on Plaintiff's sex, female.

41. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

42. Defendant's unlawful conduct in violation of title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count III: Retaliation in Violation of Title VII

43. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27, above.

44. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

45. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

46. Defendant's conduct violated Title VII.

47. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

48. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

49. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted,

*/s/ Gary Martoccio*
Gary Martoccio
NC Attorney Registration No. 54125
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950

Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*