IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00134-MOC-WCM

| | |
|---|---|
| SYLVIA RENFROE, ) | |
| ) | |
| Plaintiff, ) | ORDER |
| v. ) | |
| ) | |
| DOLLAR TREE STORES, INC. ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on "Plaintiff's Unopposed Motion to Compel Arbitration and to Stay Proceeding and Brief in Support" (the "Motion," Doc. 7).

On July 13, 2022, Plaintiff filed her Complaint seeking damages pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* Doc. 1. Thereafter, Plaintiff filed two motions to stay these proceedings and compel arbitration. See Docs. 3, 5. Both motions were denied without prejudice. See Docs. 4, 6.

On July 28, 2022, Plaintiff filed the instant Motion through which she again asks this court to enter an order compelling the parties to arbitrate this action and staying these proceedings. Doc. 7 at 2. In support of the Motion, Plaintiff has submitted a "Mutual Agreement to Arbitrate Claims," Doc. 7-1, and represents that Plaintiff's counsel has conferred with defense counsel, and

1

that Defendant's counsel does not oppose the Motion. Doc. 7 at 2.

On August 5, 2022, counsel for Defendant filed a Notice of Appearance, as well as a response to the Motion. Docs. 8, 9. In its response, Defendant states:

> The parties are in agreement that the claims in this action are subject to the binding Mutual Agreement to Arbitrate Claims (Doc. 7-1) between the parties and should be submitted to arbitration in accordance with the terms of the arbitration agreement. Accordingly, Defendant agrees with Plaintiff's Unopposed Motion to Compel Arbitration and to Stay Proceeding.

Doc. 9 at 1.

Under these circumstances, the undersigned will allow the Motion. See Gibson v. Giles Chemical Corp., No. 1:20-cv-394-MOC-WCM, 2021 WL 1554332, at *1 (W.D.N.C. April 20, 2021) ("The law is clear that employment discrimination claims are arbitrable and that the provisions of the Federal Arbitration Act (FAA) apply to compel arbitration"); Jiuna Wang v. NYZ Management Services, LLC, No. 3:19-cv-642-FDW-DSC, 2020 WL 2926477, at *5 (W.D.N.C. June 3, 2020) ("While the district court has discretion to dismiss an action where all issues raised therein are arbitrable, the more common practice is to stay the action pending outcome of the arbitration") (internal citation omitted, collecting cases).

**IT IS THEREFORE ORDERED THAT:**

1. "Plaintiff's Unopposed Motion to Compel Arbitration and to Stay Proceeding and Brief in Support" (Doc. 7) is **GRANTED**, and the parties are **DIRECTED** to conduct arbitration pursuant to the "Mutual Agreement to Arbitrate Claims." (Doc. 7-1).
2. This matter is **STAYED** pending the completion of arbitration.
3. The parties **SHALL FILE** a Joint Status Report every ninety (90) days advising of the status of arbitration.

Signed: August 9, 2022

W. Carleton Metcalf
United States Magistrate Judge